UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERNEST HENRY GRIMES,           )<br>                                                       )<br>             Plaintiff,                   )<br>     v.                                           )         1:09-cv-0670-LJM-TAB<br>                                                       )<br>DR. JEFFREY KELLAMS, et al.,    )<br>                                                       )<br>             Defendants.              ) | |

**Entry Discussing Pending Motions
and Directing Entry of Judgment**

For the reasons explained in this Entry, the defendants' dispositive motions (dkt 26 and dkt 42) are **granted** and final judgment dismissing the action shall issue.

**Parties and Claims**

Plaintiff Ernest Henry Grimes alleges that Dr. Jeffrey Kellams, Dr. Steven Fekete, Dr. LaDema Poppa,[1] violated his constitutional rights. Specifically, Grimes alleges that his due process rights were violated when he was confined or received treatment against his will at the Health and Hospital Corporation of Marion County and then at the Richmond State Hospital. The defendants as to whom the action has proceeded are Dr. Kellams, Dr. Fekete, and Dr. Poppa, and the claims as to which the action has proceeded are these:

Claim 1: Grimes alleges that on October 10, 2007, he went to a regularly scheduled appointment at the Health and Hospital Corporation of Marion County and was told to see defendant Dr. LaDema Poppa "who obviously set a trap for me because soon after I went into her office four security guards averaging 350 pounds a piece came in and attacked me, without cause.  I was then forcibly transferred to Wishard Memorial Hospital . . . There Dr. Jeffrey Kellams forced destructive, unnecessary and unwanted drugs on me.  He also took away my life as I knew it, and deprived me of liberty." Grimes alleges that he was "sent to a cruel joke of, and a poor excuse of a court in which the judge failed in his duties." He alleges that he was released on  November 9, 2007, and at that time he was wrongfully returned to Wishard Memorial Hospital on November 18, 2007, even though he explained that he was not responsible for the fire that started in his apartment. Grimes alleges that he was detained there until the middle of December 2007, even though he should have been released in 24 hours.

---

[1]The clerk shall **correct the spelling** of the first name of this defendant as "LaDema" on the docket.

> <u>Claim 2</u>: Grimes alleges that he was taken to Wishard Memorial Hospital and while there Dr. Fekete forced him to take unnecessary and unwanted drugs and deprived him of his liberty by keeping him captive until March 12, 2008. Dr. Fekete allegedly conspired with a judge to escalate Grimes' treatment by sending him to Richmond State Hospital.

Thus, Claim 1 as recited above involves Dr. Poppa and Dr. Kellams, of the defendants, while Claim 2 as recited above involves only Dr. Fekete. Grimes seeks money damages and requests that the defendant physicians have their medical licenses revoked.

### Pending Matters

In the course of this action the court observed that Grimes' action was brought pursuant to 42 U.S.C. § 1983. However, in his filing of November 19, 2009 (dkt 33), Grimes stated without qualification that he did not rely on 42 U.S.C. § 1983 and maintains that his claims are asserted directly under the Ninth and the Fourteenth Amendments to the United States Constitution. Based on this, and noting that if taken at face value Grimes had "pled himself out of court" because no cause of action directly under the Constitution is recognized when Congress has provided a means to vindicate those rights in § 1983, Grimes was directed to

> state clearly . . . whether he invokes and relies on 42 U.S.C. § 1983 in this action. The plaintiff shall likewise state whether he sues directly under the Ninth and Fourteenth Amendments, and if so why such claims should not be dismissed as legally insufficient.

Grimes was to do so not later than January 21, 2010, and was notified that

> the action may be dismissed without further notice to the parties based on (1) the plaintiff's disregard of the court's orders, and (2) the plaintiff's statement in his filing of November 19, 2009 (dkt 33) that he does not proceed here based on 42 U.S.C. § 1983, but directly under certain provisions of the United States Constitution.

He did not respond to these directions.

Dr. Kellams and Dr. Fekete filed a motion to dismiss on October 21, 2009. This motion (dkt 26) was converted on November 24, 2009, to a motion for summary judgment. Grimes responded to this motion before it was converted to a motion for summary judgment, but not thereafter.

Dr. Poppa filed a motion for judgment on the pleadings or in the alternative, motion for summary judgment on January 20, 2010. Grimes has not responded to such motion, although he did file (dkt 28) a response to Dr. Poppa's answer.

### Discussion

Because Grimes has failed to support the viability of any claim asserted directly under the Constitution, the action is **dismissed** for the reasons explained in the Entry of December 23, 2009. Procedurally, Grimes has pled himself out of court by showing that there is no plausible basis for his claims. *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008)("A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'")(quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)).

The motion to dismiss of defendants Dr. Kellams and Dr. Fekete filed on October 21, 2009 (dkt 26), converted to a motion for summary judgment, is **granted**. The reason for this ruling is that the pleadings and the evidentiary record pertaining to such motion show without dispute that these defendants did not act "under color of state law" when they provided services to Grimes. *Spencer v. Lee,* 864 F.2d 1376 (7th Cir. 1989) (*en banc*)(finding that there was no state action for purposes of an involuntary commitment proceeding), *cert. denied,* 494 U.S. 1016 (1990). In the absence of such action, no claim under § 1983 can be stated. *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937 (1982)(noting that the complained of action in a § 1983 case must be one that is "fairly attributable to the state," and not to a private actor).

The motion for judgment on the pleadings of defendant Dr. Poppa (dkt 42) is **granted**. The reason for this ruling is that the pleadings show without question that this defendant did not act under color of state law when providing services to Grimes.

### Conclusion

The action is dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/24/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana